The Chief Justice
delivered the opinion.
This is a writ of error to a judgment in ejectment, taken by default.
At the term to which the notice, served upon the ten-nnt, required him to appear, there wa3 no entry made the filing of the declaration and notice, nor was there any other step taken in relation to tbe suit. But at the next subsequent term of the court, the declaration and notice were filed, and a common order was taken which was afi-terwards confirmed. The main question made by the assignment of error, is, whether the judgment so taken is not erroneous. We are of opinion that it is. As there was no step taken in the case, at the term to which the Dotice was returnable, the suit, we apprehend, was strictly discontinued, and consequently no proceeding in it could afterwards be had against the tenant for want of his appearance. At common law an express order, giving a party day from ene term to another, was necessary to prevent a discontinuance, and if there were no such day *552 eu, tlie ’suit was at an end and no proceedings could after r^rds be had in it. We are aware that by a statutory provision of this country, 2 Litt. 127, the common law, in tbiB respect, has been changed and that all -suits depending in court «ill stand continued to the next term, without any express order for that purpose. But this provision, evidently, applies only to suits depending in court, and, we think, an action of ejectment, commenced by a notice, in pais, cannot, with propriety, be said to be depending in court until the notice is there returned and noted of record. It is true that the service of the notice has been held to be the commencement of the suit, but this does not prove that the suit is depending in court, before tbe return of the notice. It only proves that when the suit is depending it will have relation to the time of the service of the notice as its commencement. Thus, in like manner, tbe original writ sued out of chancery, in England, was said to be tbe commencement of the suit in the court of common law in which the writ was returnable, but until the writ was returned into the court of common law the suit was not held to be there depending. Daltons Sheriff 178.
The judgment must be reversed with costs.